**FILED**

**JANUARY 30, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, and FOX VALLEY AND VICINITY LABORERS' PENSION FUND, AND FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, and PATRICIA M. SHALES, Administrator of the Fox Valley Funds, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| R & W CLARK CONSTRUCTION, INC., and RICHARD W. CLARK, doing business as R & W Clark Construction, Inc., | ) ) ) ) ) |
| Defendants. | ) ) |

**08 C 669**

**JUDGE NORGLE**
**MAGISTRATE JUDGE BROWN**

**J. N.**

Case No.

## COMPLAINT

Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (hereinafter the "Chicago Funds"), and plaintiff James S. Jorgensen ("Jorgensen"), Administrator of the Funds, and the Fox Valley and Vicinity Laborers' Pension Fund, the Fox Valley Laborers' Health and Welfare Fund (hereinafter the "Fox Valley Funds"), and plaintiff Patricia M. Shales, Administrator of the Fox Valley Funds, by their undersigned attorneys, and for their Complaint against Defendants Richard W. Clark and R & W Clark Construction state as follows:

### COUNT I

### (Failure To Pay Employee Benefit Contributions)

1.      Jurisdiction is based on Sections 502(e)(1) and (2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1132(e)(1) and (2); Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a); and 28 U.S.C. §1331.

2.      Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and

28 U.S.C. §1391(a) and (b).

3.     The Chicago Funds and the Fox Valley Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). Both Funds have offices, conduct business and administer the plans within this District.   Jorgensen is the Administrator of the Chicago and Vicinity Funds, and has been duly authorized by the Chicago Funds' Trustees to act on behalf of the Chicago Funds in the collection of employer contributions owed to the Chicago Funds and to the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Chicago Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago (the "Union").  With respect to such matters, Jorgensen is a fiduciary of the Chicago and Vicinity Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

4.     Shales is the Administrator of the Fox Valley Funds, and has been duly authorized by the Fox Valley Funds' Trustees to act on behalf of the Fox Valley Funds in the collection of employer contributions owed to the Funds.  With respect to such matters, Shales is a fiduciary of the Fox Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

5.     Defendant R & W Clark Construction, Inc. (hereinafter "the Company"), is listed by the Illinois Secretary of State as a dissolved corporation.  The Company does business within this District and is an Employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of LMRA, 29 U.S.C. §185(a).

6.     Defendant Richard Clark is being sued in his individual capacity because he owns and operates the Company as an individual proprietorship.  At all times relevant herein, Richard Clark does business within this District and has been an Employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301 of LMRA, 29 U.S.C.§185(a).

7.     The Union is a labor organization within the meaning of 29 U.S.C. §185(a).  The Union and the Company are parties to a collective bargaining agreement ("Agreement").  (A copy of the "short form" Agreement entered into between the Union and the Company, which Agreement

adopts and incorporates a Master Agreement between the Union and various employer associations, and also binds the Company to the Chicago Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A.)

8.      The Chicago Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the Safety Fund"), the Laborers' Employers' Cooperation & Education Trust ("LECET"), the Contractors' Association of Will and Grundy Counties (the "Will County Fund"), the Concrete Contractors' Association of Greater Chicago ("CCA"), and the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), to act as an agent in the collection of contributions due to those funds.

9.      The Agreement obligates the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to the Funds remitted on behalf of each covered employee.

10.     The Agreement further obligates the Company to procure, carry and maintain a surety bond to guarantee payment of wages, Pension and Welfare contributions for the duration of the Agreement.

11.     Notwithstanding the obligations imposed by the Agreement, the Company has:

(a)     failed to report contributions owed to plaintiff Laborers' Pension Fund from September 2007 to the present, and failed to pay contributions to said Fund from September 2007 to the present, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries; and

(b)     failed to report all contributions owed to Plaintiff Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity from September 2007 to the present, and the pay contributions due to said Fund from

3

September 2007 to the present, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries; and

      (c)     failed to report and pay all contributions owed to Laborers' Training Fund from September 2007 to the present, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries.

      12.     Despite demand duly made, the Company has not paid the required contributions or other sums due.

      13.     All conditions precedent to requiring contributions and reports to the Funds have been met.

      14.     The Company's actions in failing to make timely reports and contributions violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

      15.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), and the terms of the Funds' Trust Agreements, the Company is liable to the Funds for unpaid contributions and related amounts, as well as interest and liquidated damages on the unpaid contributions, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

      WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendants R & W Clark Construction and Richard W. Clark for the amounts of contributions owed to date together with all accrued delinquencies after suit, interest, liquidated damages, attorneys' fees and costs, directing the Company to obtain and maintain a surety bond to guarantee payment of wages, Pension and Welfare contributions as required by the Agreement, and an order directing Defendant to timely submit reports and upon demand by Plaintiffs submit to an audit, and any other legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure To Pay Union Dues)

      16.     Plaintiff realleges paragraphs 1 through 10 of Count I.

      17.     Pursuant to the Agreement, the Chicago Funds have been duly designated to serve as collection agents for the Union in that the Chicago Funds have been given the authority to collect

from employers union dues which have been deducted from the wages of covered employees.

18.     Notwithstanding the obligations imposed by the Agreement, the Company has failed to withhold and/or to report to and forward the union dues deducted or the Union dues that should have been deducted from the wages of employees for the period from September 2007 to the present, thereby depriving the Union of income.

19.     Pursuant to the Agreement, the Company is liable to the Chicago Funds for the unpaid union dues, as well as reasonable attorneys' fees, as the Union's collection agent, and costs, and such other legal and equitable relief as the Court deems appropriate.

20.     The Company's actions have violated and are violating Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

<p align="center">**COUNT III**</p>

Plaintiffs, the Fox Valley Funds, bring Count III based on defendants' failure to pay liquidated damages as follows:

21.     Plaintiff realleges paragraphs 1 through 7 of Count I.

22.     The one page collective bargaining agreement attached hereto as Exhibit A adopts and incorporates the Joint Agreement between the Fox Valley General Contractors Association and the Construction and General Laborers' District Council of Chicago and Vicinity which permits an employer to elect to contribute welfare and pension funds directly to the Fox Valley Funds.

23.     The Joint Agreement, the Agreement and Declarations of Trust establishing the Fox Valley Funds, and the Fox Valley Funds' Procedures and Policies obligate each defendant who contributes to the Fox Valley Funds to pay ten percent of the delinquent contribution as a late fee if payments are not received by the 15th day of the month after the month in which the work was performed.

24.     Notwithstanding the obligations imposed by the Agreement, the Trust Agreements and the Fox Valley Fund Policies, the Company has failed to pay liquidated damages owed to the Fox Valley Funds for contribution months which include but are not limited to September through December 2000 and January through October 2001.

23.     Pursuant to the Agreement, the Company is liable to the Funds unpaid penalties as well as reasonable attorneys' fees and costs and such other legal and equitable relief as the Court

deems appropriate.

     24.    The Company's actions have violated and are violating Section 301(a) of the LMRA, 29 U.S.C. § 185(a) and Section 502(a)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and the terms of the Fox Valley Funds Trust Agreements and Policies and Procedures.

     WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against defendants, Richard W. Clark and R & W Clark Construction, Inc., for penalties and interest owed to date together with all attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

By: _____

Attorneys for Plaintiff

Wesley Kennedy
Karen I. Engelhardt
Angie Cowan
Josiah Groff
ALLISON, SLUTSKY & KENNEDY, P.C.
230 W. Monroe Street, Suite 2600
Chicago, Illinois 60606
(312) 364-9400

January 29, 2008

20722

HEADQUARTERS OF

# Construction & General Laborers' District Council of Chicago and Vicinity

Affiliated with the Laborers' International Union of North America, A. F. of L. - C. I. O.

6121 WEST DIVERSEY AVENUE • CHICAGO, ILLINOIS 60639 • TELEPHONE: 237-7537

LOCALS 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 286, 582, 681, 1001, 1002, 1006, 1035, 1092, 1094

Joseph A. Lombardo, Jr., Secretary-Treasurer — Ernest Kumerow, President

## MEMORANDUM OF JOINT WORKING AGREEMENT

It is hereby stipulated and agreed by and between R & W CLARK CONST INC Business Manager hereinafter the "EMPLOYER", and the CONSTRUCTION AND GENERAL LABORERS DISTRICT COUNCIL OF CHICAGO AND VICINITY, herein called the "UNION", representing and encompassing Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 284, 582, 681, 1001, 1002, 1006, 1035, 1092, and 1094, and encompassing the geographical areas of the Counties of Cook, Lake, Du Page, Will, Grundy, Kendall, Kane, McHenry, and Boone, in the State of Illinois, together with any other locals which may come within the jurisdiction of the UNION, that:

1. Employer, in response to the Union's claim that it represents an uncoerced majority of such Employer's laborer employees, acknowledges and agrees that there is no good faith doubt that the Union has been authorized to and in fact does represent such majority of laborer employees. Therefore, the Union is hereby recognized as the sole and exclusive collective bargaining representative for the employees now or hereafter employed in the bargaining unit with respect to wages, hours of work and other terms and conditions of employment in accordance with Section 9 of the National Labor Relations Act without the need for a Board Certified Election.

2. The EMPLOYER affirms and adopts the Collective Bargaining Agreements between the UNION and the Builders Association of Chicago and Vicinity, the Concrete Contractors Association of Greater Chicago, the Illinois Road Builders Association, the Underground Contractors Association, Mason Contractors Association of Greater Chicago, Street Paving and Ground Separation Contractors, Chicagoland Association of Wall and Ceiling Contractors, Chicago Building Wreckers Association, Lumber Trade Association, Lake County Contractors Association, Lake County Paving Contractors Association and Sewer Contractor Association, Association of Wall and Ceiling Contractors of Lake County, and all other associations with whom the District Council or any of its affiliated local unions has a duly negotiated agreement, and re-establishes all agreements from June 1, 1976, together with all amendments thereto. It is further agreed that where a contractor works in the jurisdiction of any local UNION, then the agreement of the local UNION is herein specifically incorporated in this agreement and shall supersede the standard District Council agreements in the case of any conflict between the District Council agreement and the local agreement having to do with wages, benefits, or conditions of employment. Nothing herein shall limit the jurisdiction of this agreement to less than that provided in this Memorandum of Agreement.

3. The EMPLOYER agrees to pay the amounts which (he) (it) is bound to pay under said Collective Bargaining Agreements to the HEALTH AND WELFARE DEPARTMENT OF CONSTRUCTION AND GENERAL LABORERS DISTRICT COUNCIL OF CHICAGO AND VICINITY, to the LABORERS' PENSION FUND, and to become bound by and be considered a party to the Agreements and the Declaration of Trust creating said Trust Funds as if (he) (it) had signed the original copies of the Trust Instruments and amendments thereto. The EMPLOYER ratifies and confirms the appointment of the EMPLOYER Trustees who shall, together with their successor Trustees designated in the manner provided in said Agreements and Declaration of Trusts and jointly with an equal number of Trustees appointed by the UNION, carry out the terms and conditions of the Trust Instruments.

The EMPLOYER further affirms and re-establishes that all prior contributions paid to the Welfare and Pension Funds were made by duly authorized agents of the EMPLOYER at the proper rates for the appropriate periods of time and that by making said prior contributions the EMPLOYER evidences the intent to be bound by the terms of the Trust Agreement and Collective Bargaining Agreements which were operative at the time the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the EMPLOYER to the applicable agreements.

4. Employees covered by this Memorandum of Agreement shall retain all the work traditionally performed by laborers. The EMPLOYER agrees that he will not cause any such traditionally performed work to be done at a construction site by employees other than those covered by this Memorandum of Agreement, except with the prior written consent of the UNION. Any EMPLOYER who contracts out or sublets any of the work coming within the jurisdiction of the UNION shall assume the obligations of any subcontractor for prompt payment of employees' wages and other benefits, including reasonable attorneys' fees incurred in enforcing the provisions hereof. Notwithstanding any agreement to the contrary, the EMPLOYER'S violation of any provision of this paragraph will give the UNION the right to take any other lawful action, including all remedies at law or equity.

5. In the event of any change in the ownership, management, or operation of the EMPLOYER'S business by sale or otherwise, it is agreed that as a condition of such transfer or change it shall be provided in the instrument effecting the change that the new owner and management shall be fully bound by the terms and conditions of this Agreement. This Agreement is applicable to all successors and transferees of the EMPLOYER, whether corporate or otherwise.

6. The negotiated wage and fringe benefit contribution rates in the various collective bargaining agreements are as follows:

| | | |
|---|---|---|
| June 1, 1988 | $16.05 per hour (16.75) | Wages |
| | 1.37 per hour (1.47) | Health & Welfare Fund |
| To | 1.30 per hour | Pension Fund |
| | .10 per hour | Training Fund |
| | .02 per hour | M.C.I.A.F. |
| May 31, 1989 | Dues Deductions are $0.20 per hour for each hour worked. | |
| June 1, 1989 | A Seventy five Cent (.75¢) per hour increase to be allocated between wages and benefits. | |
| | One Cent (.01¢) per hour Chicagoland Construction Safety Council. | |
| To | Welfare and Pension remain as above unless additions are allocated. | |
| | Training remain as above unless additions are allocated. | |
| | M.C.I.A.F. remain as above. | |
| May 31, 1990 | Dues deductions are $0.20 per hour unless notified of an increase. | |
| June 1, 1990 | A Seventy Five Cent (.75¢) per hour increase to be allocated between wages and benefits. | |
| | Welfare and Pension remain as above unless additions are allocated. | |
| To | Training remain as above unless additions are allocated. | |
| | M.C.I.A.F. and Chicagoland Construction Safety Council remain as above. | |
| May 31, 1991 | Dues deductions are $0.20 per hour unless notified of an increase. | |

All additional wage rate, dues checkoff, or fringe benefit increases as negotiated after May 31, 1991 shall be incorporated in this Memorandum of Agreements.

7. Effective June 1, 1985 all EMPLOYERS covered by this Memorandum of Agreement incorporating the various Collective Bargaining Agreements shall deduct from the wages of employees covered by said contract, working dues in the amount of Twenty Cents ($.20¢) for each straight-time hour worked and Twenty Cents ($.20) for each overtime hour worked, and shall remit monthly to the UNION office designated to the EMPLOYER by the District Council the sums so deducted, together with an accurate list of employees from whose wages said dues were deducted and the amounts applicable to each employee, not later than the 15th day of the month following the month for which said deductions were made.

8. It is the intention of the parties that such deductions shall comply with the requirements of Section 302(c) (4) of the Labor Management Relations Act of 1947, as amended, and that such deductions be made only pursuant to written agreements from each employee on whose account such deductions are made, which assignment shall not be irrevocable for a period of more than one year or beyond the termination date of the Memorandum of Agreement, whichever occurs sooner.

9. This Agreement shall remain in full force and effect through the 31st day of May, 1991 and shall continue thereafter unless there has been given not less than sixty (60) days nor more than ninety (90) days from the expiration date written notice by registered or certified mail, by either party hereto, of the desire to modify and amend this Agreement through Negotiations. In the absence of such notice, the EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract.

10. The employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The employer further acknowledges receipt of a copy of the complete Joint Working Agreement.

Dated at ~~Wilson Halsco~~ this 13th day of December, 19 89

ACCEPTED:

Laborers' Local Union No. 16

By William H. Hattze [signature]

CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY

By Ernest Kumerow [signature]
Ernest Kumerow, President Business Manager

By Joseph A. Lombardo, Jr. [signature]
Joseph A. Lombardo, Jr., Secretary-Treasurer

R & W Clark Construction Inc
(Employer)

By [signature] President
(Name & Title)

3252 W 111th St, Chicago Ill 60655
(Address)

312-779-6200
(Telephone)

TRUST FUND

EXHIBIT A